298 A.2d 537.
### STATE *vs.* DAVID J. DRAKE.

JANUARY 10, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. A jury in the Superior Court found the defendant guilty of reckless driving. After the trial justice

denied his motion for a new trial, the defendant prosecuted a bill of exceptions to this court.

The defendant has raised several issues. However, since the issue raised by exception 1 in his bill of exceptions is dispositive of this cause, we shall limit our discussion only to the facts relevant to a determination of that issue.

The offense for which the jury convicted defendant occurred October 29, 1964 on Tower Hill Road, a public highway in the town of South Kingstown. On November 12, 1964, the chief of police of that town, pursuant to the provisions of G. L. 1956, §12-6-1,[1] complained to the District Court of the Second Judicial District that defendant had violated the provisions of G. L. 1956, §31-27-4, as amended by P. L. 1958, ch. 70, sec. 1,[2] as it then read. A warrant for his arrest was thereupon issued pursuant to §12-6-4.[3]

---

[1]General Laws 1956 (1969 Reenactment) §12-6-1 reads as follows:

"Examination on complaint of commission of offense.—Whenever any complaint shall be made to any justice or clerk of any district court, or to any justice of the peace authorized to issue warrants within the district in which the court shall be established, of the commission of any offense within the district, he shall examine the complainant under oath or affirmation relative thereto, and reduce the same to writing and cause the same to be signed by the complainant."

[2]General Laws 1956, §31-27-4, as amended by P.L. 1958, ch. 70, sec. 1, read as follows:

"Reckless Driving.—Any person who operates a motor vehicle on any of the highways of this state recklessly so that the lives or safety of the public might be endangered, or so that property might be damaged, shall be guilty of a misdemeanor."

[3]General Laws 1956 (1969 Reenactment) §12-6-4, reads as follows:

"Issuance of warrant.—Upon the giving of a recognizance with surety, in the case where surety is required, and upon the giving of a recognizance without surety, where no surety is required, and upon the making of a complaint only where no recognizance is required, the justice, clerk or justice of the peace, if in his opinion there is probable cause to believe that an offense has been committed, shall forthwith issue his warrant, directed nad returnable in the same manner as a warrant issued on a complaint for threats."

The complaint, dated November 12, 1964, charges that defendant:

> "Did then and there recklessly drive a motor vehicle upon a public highway of this State to-wit: Tower Hill Road so-called, so that the lives or safety of the public might be endangered or so that property might be damaged."

Prior to trial in the District Court, the complaint was amended to speeding; the body of the complaint and warrant contains the following language:

> "Dec. 3, 1964 — Complaint amended to one of operating at a speed greater than was reasonable and proper and safe at the date and place alleged in original complaint, speed to-wit-80MPH in a 50MPH zone."

Subsequently, in December, 1964, defendant was found guilty in the District Court of speeding in violation of §31-14-1.[4] Pending appeal to the Superior Court, defendant was released on his own recognizance.

On February 23, 1970, the day the case was reached for trial de novo in the Superior Court, the trial justice granted the state's motion to amend the complaint to read as it did originally, to wit, reckless driving in violation of §31-27-4. The defendant took an exception to such ruling and reserved the right to file a plea in abatement thereto. The case then proceeded to trial on the merits. During jury deliberations, the trial justice heard arguments on defendant's plea in abatement and overruled the plea. The jury then returned a verdict of guilty as charged.

The defendant's exception 1 is to the ruling of the trial

---

[4]General Laws 1956 (1968 Reenactment) §31-14-1, reads as follows:

"Reasonable and prudent speeds.—No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

justice granting the state's motion to amend the complaint. He argues that the state may not, consistently with art. I, sec. 6[5] of our state constitution and §12-12-4,[6] amend and reamend its complaint from one accusation to another.

We note initially that there is no merit to the state's challenge to the authenticity of the December 3, 1964 amendment. The amendment appears in the body of the complaint. An examination of the complaint shows that the amendment is typed, except for the date "Dec. 3, 1964," which is in writing. The state argues that since the party who typed the amendment is not identified through signature, initial or by any other means, it is impossible to determine whether the December 3, 1964 amendment was officially executed or whether it was executed by one not in any official capacity to do so, or when it was executed.

We are not persuaded by the state's argument. In the absence of evidence of fraud, the mere entry of the December 3, 1964 amendment in the body of the complaint imports verity to its authenticity. Additionally, a plea in abatement filed by defendant on December 8, 1964, to which the state demurred, refers to the December 3, 1964 amendment. This shows that the state had knowledge

---

[5]Article I, sec. 6, reads as follows:
"The right of the people to be secure in their persons, papers and possessions, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, but on complaint in writing, upon probable cause, supported by oath or affirmation, and describing as nearly as may be, the place to be searched, and the persons or things to be seized."

[6]General Laws 1956 (1969 Reenactment) §12-12-4, reads as follows:
"Amendment of process to supply defects.—Any defect or want of substance in any complaint or criminal process, other than an indictment, may be amended and supplied in the discretion of the court and the accused shall plead to such amended complaint or process, and any defect or want of substance in any indictment may be amended and supplied with the consent of the accused."

28

of such amendment at least as far back as April 14, 1965, the date it filed its demurrer.

Section 12-12-4, on which the state seems to put some reliance, is of no help to the state. That section provides, in part, that

> "Any defect or want of substance in any complaint * * * may be amended and supplied in the discretion of the court * * *."

The amendment allowed by the trial justice in the Superior Court did not involve an amendment of "[a]ny defect or want of substance," but rather is a charge of a new crime without the required formalities. Section 12-12-4 is not applicable here and therefore cannot support the attempt to amend the complaint to read as it did when it was originally issued.

In the circumstances it follows that the complaint, as amended, and the trial based thereon, are a mere nullity and that therefore the complaint should be quashed and the verdict of the jury set aside. We so order.

Since our ruling with respect to this issue is dispositive of the appeal, we do not reach the constitutional question raised by the defendant, nor do we reach his remaining exceptions.

Exception 1 is sustained, the verdict of guilty is reversed, and the cause is remanded to the Superior Court with directions to quash the complaint and discharge the defendant.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.